# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| GENE CHARLES SPROUSE, JR. § § § § Plaintiff, § § vs. § Civil Action No. 1:20-cv-1228 § HOSEA H. CROSSLEY IV; and § RICH TRANSPORT, LLC d/b/a RICH § LOGISTICS § § § Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES PLAINTIFF GENE CHARLES SPROUSE, JR., and files this Plaintiff's Original Complaint complaining of Defendants HOSEA H. CROSSLEY IV; and RICH TRANSPORT, LLC doing business as RICH LOGISTICS.

### I. PARTIES

1. Plaintiff Gene Charles Sprouse, Jr. is an individual residing at 106 Mustang, Eddy, Texas 76524.

2. Defendant Hosea H. Crossley IV ("Defendant Crossley") is an individual residing at 3425 Flossmoor Road, Flossmoor, Illinois 60422. Issuance of citation is requested.

3. Defendant Rich Transport, LLC d/b/a Rich Logistics ("Defendant Rich") is a foreign limited liability company, based out of Little Rock, Arkansas, authorized to do business

and doing business in Texas. This Defendant can be served by serving the company's registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. BASIS FOR JURISDICTION/ VENUE

4. Jurisdiction arises under 28 U.S.C. § 1332 (diversity), as the suit is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in the Western District of Texas Waco Division under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the Western District of Texas Waco Division.

## III. STATEMENT OF CLAIM

6. On November 30, 2020, Defendant Crossley was driving a 2020 Peterbilt Tractor-Trailer rig belonging to Defendant Rich pursuant to the course and scope of Defendant Crossley's employment with the company. At approximately 11:22 p.m., Defendant Crossley was driving southbound in the right lane of Interstate Highway 35 in Bruceville – Eddy, McClennan County, Texas.

7. Defendant Crossley negligently failed to maintain his vehicle in a single lane of traffic and drifted onto an exit ramp. The ramp was blocked at the time by a 2001 white Dodge pickup, owned by the Bruceville – Eddy Volunteer Fire Department and driven by Plaintiff Sprouse. The pickup had its emergency flashing lights and directional light bar activated and was blocking the ramp so as to protect the scene of a previous crash. Defendant Crossley negligently slammed into the rearend of the pickup severely injuring the Plaintiff.

8. At the time of the collision, Defendant Crossley was intoxicated such that he was impaired and not capable of safely driving an 18-wheeler.

## IV. CAUSES OF ACTION – NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE

9. Defendant Crossley had common law and statutory duties to use ordinary care in the operation of Defendant Rich's vehicle. Defendant Crossley negligently breached those duties, and that negligence proximately caused the collision and the Plaintiff's resulting injuries and damages. Specifically Defendant Crossley was negligent and/or negligent per se in the following particulars:

    a.    Failing to keep a proper lookout;

    b.    Failing to control his speed;

    c.    Failing to apply timely his brakes;

    d.    Failing to take proper evasive action;

    e.    Failing to abide by Tex. Transp. Code § 545.060(a), which provides that: "An operator: (1) shall drive as nearly as practical entirely within a single lane and (2) may not move from that lane unless that movement can be made safely.";

    f.    Failing to abide by Tex. Transp. Code § 545.062(a), which provides that: "An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles…";

    g.    Failing to abide by the Tex. Transp. Code § 545.157 requiring that a driver move a lane over from an emergency vehicle or slow his vehicle to a prescribed speed;

    h.    Violating Tex. Transp. Code § 545.401 by driving a vehicle in willful or wanton disregard for the safety of persons or property;

    i.    Violating Tex. Penal. Code § 49.04 by operating a motor vehicle while intoxicated; and

    j.    In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

Each of these acts of negligence and/or negligence per se was a proximate cause of the collision and the Plaintiff's injuries and damages.

10. Further it will be established to a unanimous jury by clear and convincing evidence that the acts described in the preceding paragraph were committed with gross negligence.

11. Defendant Rich is liable to the Plaintiff for each of the following acts of negligence:

   a. Negligently hiring and/or training Defendant Crossley;

   b. Negligently entrusting its vehicle to Defendant Crossley when he was not competent to drive the vehicle; and

   c. Negligently undertaking to provide a vehicle such as the one in question to Defendant Crossley when he was not competent to drive the vehicle.

Each of these acts of negligence was a proximate cause of the collision and the Plaintiff's injuries and damages.

12. Defendant Rich is also vicariously liable to the Plaintiff for the negligence and gross negligence of its driver Defendant Crossley which proximately caused the collision and Plaintiff's injuries and damage under the doctrine of <u>respondeat superior</u>.

13. Under Texas law, gross negligence involves two components: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

14. Plaintiff contends that the actions of Defendants set forth above constituted gross negligence. Defendant Crossley drove a tractor-trailer while intoxicated and did so under the supervision of Defendant Rich. It is common knowledge that drunk driving is dangerous, hazardous to the public and can cause extreme injury and even death to other motorists. This is especially so when the intoxicated person is driving a tractor-trailer. Despite this, Defendant

Crossley operated Defendant Rich's tractor-trailer with the objective and subjective knowledge of the risk involved and with Defendant Rich's permission.

15. Plaintiff is entitled to actual and exemplary/punitive damages.

## V. DAMAGES

16. Because of his injuries and damages proximately caused, jointly and severally, by each of the Defendant's negligence and gross negligence, Plaintiff is entitled to reasonable compensation for the following elements of damages, both up to the time of trial and beyond:

    a. reasonable and necessary medical expenses;

    b. lost wages and loss of earning capacity;

    c. physical pain and mental anguish;

    d. physical impairment;

    e. disfigurement; and

    f. exemplary damages.

## VI. PRAYER

17. Plaintiff prays that he have judgment against the Defendants, jointly and severally, for actual and punitive damages; prejudgment and post judgment interest at the legal rates on the appropriate elements of damages for the time periods permitted by law; costs of Court; and all other relief, legal or equitable, to which he is entitled.

## VII. CERTIFICATION

18. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying,

or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

        Respectfully submitted,

By: _____
Price Ainsworth,
Attorney in Charge,
Texas State Bar No. 00950300
1515 South Capital of Texas Hwy,
Suite #500
Austin, Texas 78746
Telephone: (512) 477-7333
Facsimile: (512) 477-1855
priceainsworth@lorenzandlorenz.com
ATTORNEY FOR PLAINTIFF

Of Counsel:

John Plumlee
Texas State Bar No. 24079145
1515 South Capital of Texas Hwy,
Suite #500
Austin, Texas 78746
Telephone: (512) 477-7333
Facsimile: (512) 477-1855
jplumlee@lorenzandlorenz.com
ATTORNEY FOR PLAINTIFF